Joseph J. ULVIN, Plaintiff,

v.

NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Defendant.

Civ. Nos. 3–88–73, 3–88–793.

United States District Court, D. Minnesota, Third Division.

Aug. 12, 1991.

Paul C. Sprenger, Rebecca K. Troth, Jean Marie Boler, Minneapolis, Minn., for plaintiff.

Marko Mrkonich, Thomas Kane, Peggy Ann Gunn, Oppenheimer, Wolff & Donnelly, St. Paul, Minn., Deborah J. Klein, NW Natl Life Ins. Co., Minneapolis, Minn., for defendant.

MEMORANDUM AND ORDER

MAGNUSON, District Judge.

I. INTRODUCTION

This matter is before the court upon defendant Northwestern National Life Insurance Company's motion to dismiss class allegations. Plaintiff, Joseph Ulvin, a former employee of the defendant, seeks to represent thirty other past or present employees of the defendant. Ulvin bases his

claim upon alleged violations of the Age Discrimination in Employment Act (ADEA). For the following reasons, the court grants the defendant's motion to dismiss class allegations, denies certification of the proposed class, and dismisses the claims of the opt-in plaintiffs with leave to file individual claims within sixty days of entry of this dismissal order.

## II. FACTS

On November 2, 1988, Ulvin filed suit against his former employer, Northwestern National Life Insurance Company, alleging that age discrimination motivated the defendant to terminate plaintiff's employment with the company. In December of 1989, Ulvin was given permission by this court to send notice to potential plaintiffs in order that he might ask them to join in the suit with any similar claims. Fifty-two present and former Northwestern National Life employees returned Consent to Join Lawsuit forms. Twenty-two of those opt-in plaintiffs have either withdrawn their consents or have been dismissed, leaving the thirty individuals Ulvin now seeks to represent.

## III. DISCUSSION

Authorization for class actions under the ADEA is governed by the enforcement provision of the Fair Labor Standards Act (FLSA). That section provides:

An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated.* 29 U.S.C. § 216(b) (emphasis added).

Accordingly, certification of the proposed class relies on the determination by this court that the 30 opt-ins are similarly situated to Joseph Ulvin.

In *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J.1988), the court on remand reaffirmed its earlier conclusion that the class in question must be decertified:

The members of the proposed class come from different departments, groups, organizations, suborganizations, units and local offices within the Xerox organiza-

tion. The opt-in plaintiffs performed different jobs at different geographic locations and were subject to different job actions concerning reductions in work force which occurred at various times so as a result of various decisions by different supervisors made on a decentralized employee-by-employee basis [and therefore] [t]his case should not continue in a class status.

122 F.R.D. at 465.

In the present case, the class members vary significantly as to age, year of termination, type of termination, division in the company in which they worked, offices in the company in which they worked, employment status, supervisors and salaries. Given the disparities among Ulvin and the thirty opt-ins, the court concludes that they are not similarly situated, and that these cases are unsuited for class action.

Ulvin argues that Northwestern National Life implemented a company-wide plan to downgrade and eliminate older workers to reduce costs and therefore plaintiff and opt-ins are similarly situated in that the entire class sustained injury from the defendant's unlawful policy or practice. The evidence shows, however, that Northwestern National Life's plan to reduce the work force specifically provided that age may not be a factor in any termination decision. Moreover, the plan's implementation was to be achieved on a decentralized level by local management and to the extent that central authority would be involved, it was only to assure that reductions in force did not have a disparate impact on any protected group.

Accordingly, IT IS ORDERED that:

The motion to dismiss class allegations is GRANTED. Class certification is DENIED. The claims of the thirty opt-ins are DISMISSED with leave to file individual claims within sixty days of entry of this order.