**ENTERPRISE CONCEPTS, INC., d/b/a/ Team Mates, Appellants,**

v.

**Nancie FINNELL, Norma Wroblewski, Jacquelin Striplin and Jamie L. Musgrove, Individually and on behalf of all others similarly situated, Appellees.**

No. 09–97–233CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 11, 1997.

Decided Feb. 26, 1998.

George Michael Jamail, Bernsen, Jamail & Goodson, Beaumont, for appellant.

Michael Getz, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.,

## OPINION

STOVER, Justice.

Dancers Nancie Finnell, Norma Wroblewski, and Jacquelin Striplin filed suit in the District Court of Jefferson County on October 11, 1996, against appellant, Enterprise Concepts, Inc., d/b/a Team Mates ("Enterprise").[1] The dancers, who ·performed at Team Mates, a facility owned and operated by Enterprise, alleged that they were employees of Enterprise and that Enterprise did not pay them minimum and overtime wages in accordance with the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (1965 & Supp. 1997). Based upon the dancers' complaints, the Department of Labor conducted an investigation and concluded Enterprise had violated the FLSA. Those conclusions are contained in appellees' Exhibit 1, which includes the Department of Labor's report and letters sent by the Department to dancers, Nancy Finnell and Norma Wroblewski. The letters advised the dancers that they were owed a specific amount of back wages and that the Department had requested the employer to pay the back wages.

The dancers originally sought class certification pursuant to Rule 42 of the Texas Rules of Civil Procedure. Subsequent to the trial court's denial of that motion, the dancers filed their Second Amended Original Petition and Motion For Class Certification pursuant to 29 U.S.C. § 216(b). The motion requested the court:

(1) To order this case to proceed as a class action as authorized by § 216(b) U.S.C.;

(2) To require Defendant to comply with Plaintiffs' request for discovery of the names, addresses, telephone numbers, social security numbers of every person that has been employed at Team Mates in the three year period prior to the filing of this litigation as well as the capacity in which the person was employed;

(3) To authorize the mailing of a notice to all putative class members from plaintiff's counsel on a form approved by the Court that bears the Court's authorization.

On June 3, 1997, a hearing was held on appellees' motion, which the trial court granted in its entirety. Enterprise now appeals from the June 3, 1997, interlocutory order.

In its first point of error, appellants complain the trial court abused its discretion, because there is no evidence that Enterprise violated the minimum and over-time wage provisions of the FLSA. Point of error two alleges that, even if there was sufficient evidence of a FLSA violation, the trial court abused its discretion in certifying the class, because there is no evidence the putative class members were "similarly situated."

The Fair Labor Standards Act, 29 U.S.C. § 216(b), makes provision for representative actions against employers who have violated the FLSA:

An action · to recover the liability prescribed ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated.** No employee shall be a party plaintiff to any such action unless he gives his **consent in writing** to become such a party and such consent is filed in the court in which such action is brought. (emphasis added).

Under § 216(b), no person can become a party plaintiff to an action unless that person affirmatively "opts into" the class by giving written, filed consent. The action itself may be filed in either federal or, as in the instant case, a state court of competent jurisdiction. Although there are Texas cases involving FLSA violations, we find no Texas case on the class certification issue, and we have not been cited one by the parties. Thus, we look to federal authorities for guidance and precedent.

Because of the unique "opt-in" provisions of § 216(b), the proceeding is not a true class action under Rule 42 of the Texas Rules of

---

**1.** Jamie L. Musgrove was added as a plaintiff in the "Second Amended Original Petition and Motion For Class Certification."

Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure. Section 216(b) has been described by the Iowa Supreme Court as "a permissive joinder device where the presence of numerous persons interested in the common question of law or fact warrants its use to avoid multiplicity of suits." *Schimerowski v. Iowa Beef Packers, Inc.*, 196 N.W.2d 551, 555 (Iowa 1972). The proceeding has also been referred to by federal courts as a "collective" proceeding or action and not a class action. *See Severtson v. Phillips Beverage* Co., 141 F.R.D. 276, 278 (D.Minn.1992); *Sperling v. Hoffman–La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988).

■ As noted above, Enterprise claims in point of error one that there was no evidence it violated the minimum and over-time wage provisions of the FLSA. We disagree. Appellees made a prima facie case of such a violation through the allegations in their pleadings and the findings in the United States Department of Labor report, which the trial court admitted into evidence. The report specifically found that Enterprise failed to pay minimum wage to Nancy Finnell and Norma Wroblewski, as well as 177 other employees of Team Mates. There was a further finding of a failure to pay over-time to 23 employees. Appellant offered no evidence in the way of affidavits or testimony contradicting the plaintiffs' claims or the Department of Labor report. Point of error one is overruled.

In point of error two, appellant contends there was no evidence the putative class members were similarly situated. The fact that the employees joined in the action must be "similarly situated" is a requirement of § 216(b). However, the FLSA, the Age Discrimination in Employment of 1967 (ADEA),[2] and the Equal Pay Act of 1963 ("EPA")[3] do not define the meaning of the "similarly situ-

ated" standard.[4] *Brooks v. Bellsouth Telecommunications, Inc.*, 164 F.R.D. 561, 567 (N.D.Ala.1995). Federal courts themselves are divided on the matter.

A Fifth Circuit case, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir.1995), sets out the procedures and standards by which a review of this type of case is to be conducted and provides some guidance on how courts are to determine whether plaintiffs are similarly situated:

> Under *Lusardi*,[5] the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

> Because the court has minimal evidence, this determination is made using a fairly lenient standard (footnote omitted), and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and

---

2. 29 U.S.C. § 621 et seq.

3. 29 U.S.C. § 206(d).

4. The Equal Pay Act of 1963 ("EPA") and the Age Discrimination in Employment Act ("ADEA") incorporate the enforcement procedures prescribed by § 216 of the FLSA. *Mooney*, 54 F.3d at 1212.

5. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), *mandamus granted in part, appeal dismissed, Lusardi v. Lechner*, 855 F.2d 1062 (3rd Cir.1988), *vacated in part, modified in part, and remanded, Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J.1988), *aff'd in part, appeal dismissed, Lusardi v. Xerox Corp.*, 975 F.2d 964 (3rd Cir.1992).

the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims. Based on our review of the case law, no representative class has ever survived the second stage of review.

*Id.* at 1213–14.

The Eleventh Circuit in *Dybach v. State of Florida Dep't of Corrections,* 942 F.2d 1562 (11th Cir.1991) considered the issue of whether a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. *Dybach,* a case involving a FLSA violation, held that the broad remedial purposes of the FLSA are best served if the district court is deemed to have the power to give notice to other potential class members to "opt in" to plaintiff's class. However, before a district court issues an order requiring notice to similarly situated employees, the court **"should satisfy itself"** that **there are other employees** of the department-employer who desire to "opt-in" and **who are "similarly situated"** with respect to their job requirements and with regard to their pay provisions." *See id.* at 1567–68 (emphasis added).

Some of the positions taken by other federal courts on the meaning of "similarly situated" and on the authority of courts to give notice to putative class members under § 216(b) are discussed in *Severtson:*

[C]ourts have not applied a uniform standard in determining whether a case is appropriate for authorized notice. *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D.Minn.1991). Courts have authorized notice under varying circumstances. Some courts require only a minimum showing, allowing authorization based upon mere allegations in the complaint. *See, e.g., Behr v. Drake Hotel,* 586 F.Supp. 427, 430–31 (D.Ill.1984); *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 442–45 (N.D.Ill.1982); *Sussman v. Vornado, Inc.,* 90 F.R.D. 680, 684 (D.N.J.1981). Other courts require some factual showing before authorizing notice. *See Sperling v. Hoff-*

*man–LaRoche, Inc.,* 118 F.R.D. 392, 406 (D.N.J.1988), *aff'd in part,* 862 F.2d 439 (3d Cir.1988), *aff'd,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *see also Haynes v. Singer Co., Inc.,* 696 F.2d 884 (11th Cir.1983). At least one court requires a showing similar to that required for certification of a class under Federal Rules of Civil Procedure 23 before authorizing notice. *See, e.g., Shushan v. University of Colorado,* 132 F.R.D. 263, 268 (D.Colo.1990).

. . . .

... [T]his court should authorize the sending of opt-in notices to potential plaintiffs only when plaintiffs have established a colorable basis for their claim that a class of similarly situated plaintiffs exist.

. . . . A colorable basis means that plaintiff must come forward with something more than the mere averments in its complaint in support of its claim. However, this court also concludes that its determination of whether a colorable basis exists for plaintiffs' claims does not require this court to make any findings of fact with respect to contradictory evidence presented by the parties nor does this court need to make any credibility determinations with respect to the evidence presented. Such findings will be made by the district court at the certification hearing if plaintiff meets its initial burden of establishing a colorable basis for its claims. *As such, plaintiffs' burden is not a difficult one to establish.* (emphasis added)

*Severtson,* 141 F.R.D. at 278–79.

In *Sperling v. Hoffman–La Roche, Inc.,* 118 F.R.D. 392 (D.N.J.1988),[6] another United States District Court discussed the requirements for a preliminary showing of "similarly situated" in the ADEA setting and concludes that the "similarly situated" showing "establishes nothing more than the right of plaintiffs to maintain a collective action."

Whatever the proper standard may be for conclusively judging the "similarly situated" issue, however, it must be remem-

---

**6.** *Sperling v. Hoffman–La Roche,* 118 F.R.D. 392 (D.N.J.1988), *aff'd in part and appeal dismissed in part,* 862 F.2d 439 (3rd Cir.1988), *aff'd, Hoff-*

*mann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

bered that the "similarly situated" showing establishes nothing more than the right of plaintiffs to "maintain" a collective action. At trial, each individual plaintiff must bear his or her burden of proof as to each element of an ADEA claim. *See, e.g., Berndt,* 789 F.2d at 256–57. In the meantime, the "similarly situated" finding provides for unified trial preparation, prosecution, and defense on what appears to be a single discriminatory decision motivating all the terminations and demotions at issue. *See, e.g., Owens,* 108 F.R.D. at 209–10; *Frank [v. Capital Cities Comm.,* 1983 WL 643] 33 E.P.D. at page 33,085; *Franci,* 538 F.Supp. at 255–56 (and cases cited therein). Finally, nothing would appear to prevent the court from modifying or reversing a decision on "similar situations" at a later time in an action, as new facts emerge. *See Lusardi,* 99 F.R.D. at 93 and cited *supra,* at 358. But *see Cavanaugh [v. Minneapolis Aquatennial Ass'n.,* 1976 WL 1699] 82 Lab.Cas. at page 47,925 (no "warrant" for engrafting" onto § 216(b) procedure the Rule 23 practice of conditionally certifying a class).

*Sperling,* 118 F.R.D. at 407.

■ With these lessons of law in mind, we believe the proper question to be asked is whether there was sufficient evidence to show a colorable basis that there are "similarly situated" employees of Enterprise who can qualify to "opt-in."

■ We conclude the appellees' substantial allegations in their pleadings, along with the investigation and report of the Department of Labor, amount to more than mere averments and demonstrate a colorable basis for their claims that a class of similarly situated plaintiffs exists. As noted previously, the report concluded that not only did Enterprise violate the FLSA by failing to pay minimum wages to Nancy Finnell and Norma Wroblewski, but it also violated FLSA by failing to pay 177 other employees at Team Mates in the same manner. The Department of Labor's report is entitled to credence inasmuch as the appellants offered no testimony or other evidence at the hearing to contradict the Department's findings. Thus, appellees' pleadings and evidence provide a

colorable basis sufficient under the purposes of this Act to allow this action to proceed under the "notice stage" as a collective, permissive, or conditional joinder.

We conclude the allegations in appellees' petition and the Department of Labor records admitted into evidence at the certification hearing are sufficient to show that appellant violated the FLSA and that there were other putative plaintiffs similarly situated. The trial court did not abuse its discretion in its certification of the dancers as a "class action pursuant to 29 U.S.C. § 216(b)."

Appellants' points one and two are overruled. The order of the trial court granting conditional certification is affirmed.

AFFIRMED.