Melania **FELIX DE ASENCIO, Manuel A. Gutierrez, Asela Ruiz, Eusebia Ruiz, Luis A. Vigo, Luz Cordova and Hector Pantajos, on behalf of themselves and all other similarly situated individuals, Plaintiffs,**

v.

**TYSON FOODS, INC., Defendant.**

No. CIV. A. 00–CV–4294.

United States District Court,
E.D. Pennsylvania.

Jan. 30, 2001.

Brian P. Kenney, Thomas J. Elliott, Frederick P. Santarelli, Elliott, Reihner, Siedzikowsky and Egan, P.C., Blue Bell, PA, Eric L. Young, Elliott Reihner Siedzikowski and Egan, Blue Bell, PA, Robert J. O'Shea, Jr., Kenney/O'Shea, L.L.P., Blue Bell, PA, for Melania Felix De Asencio, Manuel A. Gutierrez, Asela Ruiz, Eusebia Ruiz, Luis A. Vigo, Luz Cardova, Hector Pantajos.

James Lewis Griffith, Jr., Akin, Gump, Strauss, Hauer & Fled, L.L.P., Philadelphia, PA, Michael J. Mueller, Joel M. Cohn, Akin, Gump, et al., Washington, DC, for Tyson Foods, Inc.

### MEMORANDUM

ROBERT F. KELLY, District Judge.

Presently before this Court is the Motion for Judicial Facilitation of Notice to Potential Class Members (Dkt. No. 9) filed by Plaintiffs, Melania Felix De Asencio, Manuel A. Gutierrez, Asela Ruiz, Eusebia Ruiz, Luis A. Vigo, Luz Cordova, and Hector Pantajos ("Plaintiffs"), on behalf of themselves and all other similarly situated individuals. Plaintiffs are or were employed by Defendant, Tyson Foods, Inc. ("Defendant") as production employees in Defendant's New Holland, Pennsylvania poultry processing facility ("New Holland facility"). Plaintiffs move for this Court to facilitate notice of their representative action to other potential plaintiffs in light of the "opt in" procedures for joining a representative action under 29 U.S.C. section 216(b) of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.* For the following reasons, the Motion is granted.

## I. BACKGROUND

On August 22, 2000, Plaintiffs filed a representative action for the purpose of obtaining monetary, declaratory, and injunctive relief under the FLSA, and under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* Currently, ninety-four other plaintiffs have "opted in" to this representative action by filing Consent to Join Suit as a Party Plaintiff forms with this Court pursuant to 29 U.S.C. section 216(b). Plaintiffs allege that Defendant has failed to pay its production employees at its New Holland facility their minimum hourly pay rate for all hours of work performed up to forty hours per week and has failed to pay them overtime for hours worked in excess of forty hours per week as required by the FLSA and WPCL. Specifically, Plaintiffs claim that Defendant paid, and continues to pay its New Holland, Pennsylvania production employees only during the time that the production lines are in operation. Plaintiffs further allege that production employees are required to spend unpaid time, when the production lines are not in operation, donning and doffing various pieces of safety equipment such as aprons, gloves, coveralls, boots, et cetera, and to spend unpaid time on other company mandated activities such as reporting to group leaders and cleaning out their lockers. Because these activities are performed while the production lines are not in operation, Plaintiffs allege that they are not paid for these activities.

## II. STANDARD OF REVIEW

In order for a district court to facilitate notice to potential plaintiffs in a representative action under 29 U.S.C. section 216(b) of the FLSA, the representative plaintiffs must show that the potential plaintiffs are similarly situated to the representative plaintiffs and thus the action can go forward as a representative action. *Sperling v. Hoffman–La Roche, Inc.,* 862 F.2d 439, 444 (3d Cir.1988), *aff'd,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

## III. DISCUSSION

The FLSA expressly permits employees to maintain a representative action for overtime pay on their own behalf and on behalf of all other similarly situated employees. 29 U.S.C. § 216(b). The FLSA further provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and·such a consent is filed in the court which such action is brought." *Id.* Under section 216(b) of the FLSA, potential plaintiffs must "opt in" to the suit and affirmatively notify the court of their intentions to join the suit. *Sperling,* 862 F.2d at 444. This "opt in" procedure is dissimilar to a standard class action under FED. R. CIV. P. 23, where all potential plaintiffs are included in the action unless they "opt out". *Id.* While the FLSA itself does not use the class action language of FED. R. CIV. P. 23, it is quite common for courts to utilize the class action terminology while discussing FLSA representative actions.

The United States Supreme Court has held that a district court may facilitate notice to potential plaintiffs in a section 216(b) FLSA representative action so that these potential plaintiffs are informed of the action and may choose to "opt in" to the action. *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).[1] In order for the district court to facilitate notice, it must find that the action can proceed as a representative action. The only two requirements for maintaining a representative action under the FLSA are that class members be similarly situated and that each absent class member file a consent to join the action. 29 U.S.C. § 216(b), *Sperling,* 862 F.2d at 444. The statute does not define "similarly situated." *Bunnion v. Consol. Rail Corp.,* No.

97–4877, 1998 WL 372644, at *17 (E.D.Pa. May 14, 1998). However, .the United States Court of Appeals for the Third Circuit has found that in order to be similarly situated, plaintiffs must: (1) be or have been employed in the same corporate department, division and location; (2) have advanced similar claims; and (3) have sought substantially the same form of relief. *Lockhart v. Westinghouse Credit Corp.,* 879 F.2d 43, 51 (3d Cir.1989), *overruled on other grounds as recognized by Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1099 n. 10 (3d Cir.1995).

Furthermore, in cases involving section 216(b) FLSA representative actions, a two tier method for the burden of proving similarly situated plaintiffs has developed. *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213–1214 (5th Cir.1995); *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J.1987), *mandamus granted in part, appeal dismissed, Lusardi v. Lechner,* 855 F.2d 1062 (3rd Cir.1988), *on remanded to, Lusardi v. Xerox Corp.,* 122 F.R.D. 463 (D.N.J.1988); *see also Sperling v. Hoffman–La Roche, Inc.,* 118 F.R.D. 392, 406 (D.N.J.1988), *aff'd in part,* 862 F.2d 439, 444 (3d Cir. 1988), *aff'd,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (stating that "notice to absent class members need not await a conclusive finding of 'similar situations' ").

The first tier determination of the similarly situated question, which we must currently address, occurs at the beginning of the case when the court has minimal evidence, and typically results in "conditional certification" of a representative class. *Mooney,* 54 F.3d at 1214. If the district court "conditionally certifies" the class, the potential plaintiffs are given notice and the opportunity to "opt-in" to the action if they so choose. The district court may facili-

---

**1.** While *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) was brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* the ADEA adopts and incorporates 29 U.S.C. § 216(b) of the FLSA,

and thus the analyses of 29 U.S.C. § 216(b) representative actions in such ADEA cases are applicable to the instant FLSA case. *Hoffmann–La Roche,* 493 U.S. at 167–168, 110 S.Ct. 482.

tate this notice by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiff's counsel to send to the potential plaintiffs, or by some other appropriate action. *See Hoffmann–La Roche,* 493 U.S. at 169, 110 S.Ct. 482. The action then proceeds as a representative action throughout discovery.

At this first tier, the plaintiffs have a fairly low burden of proving the similarly situated requirement. *Mooney,* 54 F.3d at 1214 (stating that "[b]ecause the court has minimal evidence [at the first tier], this determination is made using a fairly lenient standard"); *Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276, 278 (D.Minn. 1992) (requiring "plaintiffs to come forward with evidence that establishes a colorable basis for their claim that the potential plaintiffs are similarly situated"). The district court in *Sperling* explained that at the first tier, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Sperling,* 118 F.R.D. at 407.

The second tier determination of the similarly situated question, which we do not currently have to address at this stage of the litigation, is typically precipitated by a motion for "decertification" by the defendant filed after discovery is largely complete and the matter is ready for trial. *Mooney,* 54 F.3d at 1214. At the second tier, the court typically has much more information on which to base its decision, and makes the final determination of whether the plaintiffs are similarly situated. *Id.* If the "opt in" plaintiffs are similarly situated to the representative plaintiffs, the representative action generally proceeds to trial. If plaintiffs are not similarly situated, the district court decertifies the class, and the "opt in" plaintiffs are dismissed without prejudice. *Id.* The representative plaintiffs then proceed to trial on their individual claims. *Id.*

■ Currently, we are concerned only with the first tier analysis of the similarly situated question. Plaintiffs allege that the potential plaintiffs are similarly situated to themselves because: (1) all were or are production employees at Defendant's New Holland facility, (2) all claims are similar in that they allege that Defendant violated and continues to violate the FLSA by failing to pay production employees their minimum hourly rate for compensable work and required amount of overtime wages for hours worked in excess of forty hours per week, and (3) all seek substantially the same form of declaratory, injunctive and economic relief. Plaintiffs bolster their argument with the allegations in their Complaint and instant Motion and with declarations from four of the representative Plaintiffs who have worked, or who currently work, at various production positions within the two plants at Defendant's New Holland facility. The declarations allegedly show a consistent pattern of unpaid work performed while the production lines were not in operation. It is true that four declarations and broad averments in the pleadings do not prove the case. However, upon viewing this evidence through the lens of the first tier's lenient standard, the evidence amounts to "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Sperling,* 118 F.R.D. at 407.

Defendant submits detailed declarations and information concerning its New Holland facility purporting to show that the potential plaintiffs are not similarly situated to the representative Plaintiffs. While this information may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question. At this stage of the proceedings, before discovery is completed, Plaintiffs can not counter every assertion made by the Defendant. Defendant already has access to all of the information it requires

concerning the running of its own facilities, while Plaintiffs may only have this information after discovery is completed. According to the district court in *Sperling*, to force Plaintiffs to counter every one of Defendant's assertions concerning the similarly situated question at this early stage of the action "would condemn any large class claim under the [FLSA] to a chicken-and-egg limbo." *Sperling*, 118 F.R.D. at 406. Therefore, this Court will facilitate notice to the potential plaintiffs in this representative action.

An appropriate Order follows.

### ORDER

AND NOW, this 30th day of January, 2001, upon consideration of the Plaintiffs' Motion for Judicial Facilitation of Notice to Potential Class Members (Dkt. No. 9) and all Responses and Replies thereto, it is hereby ORDERED that:

(1) Plaintiff's Motion is GRANTED;

(2) Defendant shall, within twenty (20) days from the date of this Order, provide to Plaintiff's counsel a listing of the names and addresses of all present and former production employees of Tyson Foods, Inc.'s New Holland, Pennsylvania processing facility who have worked for Defendant from August 22, 1997 to the present;

(3) all parties shall have ten (10) days from the date of this Order to file suggested changes to this Court's Proposed English language Notice, attached hereto as exhibit "A"; and

(4) after the final English language Notice is approved by this Court, Plaintiffs shall mail a copy of said Notice and an accurate Spanish language translation of the English language Notice to each listed possible plaintiff.

### Appendix A

### PROPOSED NOTICE

TO: All current and former production employees of Tyson Foods, Inc.'s New Holland, Pennsylvania pro-cessing facility who have been employed as production employees at any time from August 22, 1997 to the present.

FROM: (Plaintiffs or Plaintiffs' Counsel)

RE: A law suit filed against Tyson Foods, Inc. to recover for uncompensated work time and for hours worked in excess of 40 hours per week, and your right to participate in the lawsuit.

DATE: (Date)

The purpose of this of this Notice is to inform you of the existence of a class action law suit in which you may be a member of the plaintiff class, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit if you so desire.

A group of current and former production employees for Tyson Foods, Inc. at its New Holland, Pennsylvania processing facility have filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania against Tyson. The name and case number of the lawsuit is *Melania Felix De Asencio, et al. (Plaintiffs) v. Tyson Foods, Inc. (Defendant)*, Case No. 00–CV–4294.

The Plaintiffs claim that during their employment with Tyson, they regularly were not paid for time spent putting on and taking off sanitary and safety equipment and clothing; preparing and maintaining equipment; performing production activities; and cleaning clothing, and other equipment before and after paid time. Further, Plaintiffs claim that during their employment with Tyson, they regularly worked over 40 hours per week but were not paid overtime. They are suing to recover unpaid wages, overtime wages, attorney's fees, costs and liquidated damages from Tyson under the Fair Labor Standards Act ("FLSA") and under the Penn-

sylvania Wage Payment and Collection Law ("WPCL").

The Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Specifically, Plaintiffs seek to sue on behalf of those who were (or are currently) employed as a production employees at Tyson's New Holland, Pennsylvania processing facility at any time on or after August 22, 1997. If you fit this description, you may join this suit (that is, you may "opt in") provided that you cause to be filed a "Consent to Join Suit as a Party Plaintiff" form ("Consent to Join form") in the very near future.

Consent to Join forms and information regarding the specific filing deadline are available from the following attorneys who represent the Plaintiffs: Thomas J. Elliott, Henry F. Siedzikowski, Timothy T. Myers and Eric L. Young of the firm of Elliott Reihner Siedzikowski & Egan, P.C., Union Meeting Corporate Center V, 925 Harvest Drive, Suite 300, P.O. Box 3010, Blue Bell, Pa 19422 and Brian P. Kenney and Robert J. O'Shea, Jr. of the firm of Kenney/O'Shea, L.L.P., 925 Harvest Drive, Suite 300, P.O. Box 3010, Blue Bell, Pa 19422. You may contact any of Plaintiffs' attorneys at 1–215–977–1000. If you choose to join this suit, your interest will be represented by the Plaintiffs through their attorneys listed above, as counsel for the class.

Your eligibility to file a Consent to Join form is not affected by any statute of limitations. However, even if you file a Consent to Join form, your continued right to participate in this suit may depend upon a later decision by the District Court that no statute of limitations has run against you. In addition, your continued right to participate may depend upon a later decision that you and the Plaintiffs are similarly situated, in accordance with federal law.

If you choose not to join this suit, you will not be affected by the judgment, fa-

vorable or unfavorable. If you choose not to join this suit, you are free to file your own law suit.

Likewise, if you choose to join this suit, you will be bound by the judgment of the Court on all issues in this case whether favorable or unfavorable to you. If you choose to join this suit, you may be required to provide information, sit for depositions, and testify in court while the suit is proceeding.

This Notice is only for the purpose of determining the identity of those persons who would like to be involved in this case and has no other purpose. There is no guarantee that the Court will rule in favor of the Plaintiffs.