354 So.2d 770 (1978)
STATE of Louisiana, ex rel. William J. GUSTE, Jr., Attorney General and Charles W. Tapp, Director, Governor's Consumer Protection Division, in their Official Capacity and on behalf of Barry Simon and all Louisiana Consumers similarly situated
v.
GENERAL MOTORS CORPORATION.
No. 9045.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1978.
Rehearing Denied February 14, 1978.
Writ Granted March 31, 1978.
*772 William J. Guste, Jr., Atty. Gen., Winston G. Decuir, Asst. Atty. Gen., Charles L. Porter, Staff Atty., Baton Rouge, Charles L. Patin, Jr., Staff Atty., New Orleans, for plaintiffs-appellees.
Bernard, Micholet & Cassisa, Peter L. Bernard, Jr., Walter M. Babst, Metairie, and Otis M. Smith, Gen. Counsel, General Motors Corp., Detroit, Mich., for defendant-appellant; Fulbright & Jaworski, Blake Tartt, and Martin Beirne, Houston, Tex., of counsel.
Before GULOTTA, BEER and BOWES, JJ.
GULOTTA, Judge.
In this deceptive trade practice case, defendant appeals from trial court's determination that plaintiffs' claim is properly brought as a class action. In a motion to dismiss the appeal, plaintiffs argue no appeal lies because the trial court's judgment is interlocutory and no showing of irreparable injury is made. Both the motion to dismiss and the case on the merits are now before us.
The suit, brought by the Attorney General in the name of the State and on behalf of Dr. Barry Simon, a consumer and purchaser of a new 1977 Oldsmobile automobile, alleges that General Motors Corporation, through its Oldsmobile Division, deceptively installed Chevrolet engines manufactured by the Chevrolet Division of General Motors into 1,467 1977 Oldsmobile automobiles which were sold to Louisiana consumers in Louisiana. According to the petition, the purchasers were not advised of the installation of the Chevrolet engines either prior to or at the time of the purchase of the automobiles. The petition further alleges other unfair and deceptive trade practices allegedly prohibited by the Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq. The Attorney General, on behalf of the State and on behalf of the consumer Simon, seeks 1) injunctive relief, 2) restitution[1] and 3) actual damage awards to each consumer. According to the Attorney General, authority for injunctive relief is set forth in LSA-R.S. 51:1407[2] and for restitution and damages *773 under LSA-R.S. 51:1408.[3]
While acknowledging that LSA-R.S. 51:1407 authorizes the Attorney General to seek injunctive relief in deceptive trade practice cases, and acknowledging also that LSA-R.S. 51:1408 permits a court to issue any orders necessary to compensate aggrieved persons, defendant contends that no authority exists for the Attorney General to assert a class action seeking injunctive relief, restitution and actual damages in the name of the State and on behalf of a consumer in these cases.
According to General Motors, the "severalness" of the transactions, i. e., differences in the dealerships from which purchases were made, purchase prices paid, extent of damages claimed and a myriad of other divergent factual circumstances, supports the contention that the right sought to be enforced is not "common to all members of the class", a prerequisite to a class action suit.[4] Because the Attorney General is not a member of the class, i. e., a consumer, General Motors further contends the action fails to meet the requirement of LSA-C.C.P. art. 592 that the plaintiff be a member of the class who will fairly ensure the adequate representation of all members. Finally, it is defendant's contention that while the consumer, Dr. Simon, is alleged to be a class member who will adequately represent the consumers comprising the class, the Unfair Trade Practices Law, under which this suit is brought, permits the consumer to bring an action individually for actual damages but specifically prohibits a claim by the consumer for "actual damages" in a "representative capacity".[5]

ON MOTION TO DISMISS
Plaintiffs seek to dismiss this appeal on the ground that the trial court judgment permitting the class action is interlocutory and not an appealable judgment. It is true, as pointed out by plaintiffs, that the judgment which holds this matter is properly filed as a class action is interlocutory in nature;[6] nevertheless, we conclude that irreparable injury may result. Under these circumstances, an interlocutory judgment is appealable.[7]
If a definitive and final judgment is not rendered, initially, on the class action question, *774 irreparable injury may result not only to General Motors but also to the consumer. If it should be determined at a later date (after the matter has been heard on the merits) that no entitlement to a class action exists, the delay resulting to the consumer to file a suit, individually, would make a fair assessment of damages difficult because of the resulting depreciation of the vehicle. Furthermore, from defendant's standpoint, any delays resulting in depreciation of the automobiles could conceivably result in added immeasurable damages to the defendant causing confusion in the proper evaluation of damages.
Though it is generally true that costs entailed in the litigation of a matter have been held not to constitute irreparable damages,[8] nevertheless, in the instant case, the maintenance of plaintiffs' claim as a class action involves the cost of an overwhelming number of notices and court days to be set aside for trial of the matter. If, at a later time, after trial on the merits and review, it is determined that the trial judge erred in permitting the matter to be tried as a class action, immeasurable expense and innumerable wasted court days will have resulted. Furthermore, litigants in other matters will have been needlessly delayed. Accordingly, we conclude the motion to dismiss is without merit. The motion is denied.

ON THE MERITS
Louisiana recognizes only the "true" class action as distinguished from the "spurious" or "hybrid" class action in the Federal system. See Stevens v. Board of Trustees of Police Pension Fund of City of Shreveport, 309 So.2d 144 (La.1975). However, in Williams v. State, 350 So.2d 131 (La.1977), the Supreme Court has recognized that a class action may be filed in a mass tort suit where 600 prisoners allegedly had suffered varying degrees of damages resulting from the tort. The Williams court visualized a similarity of actual damages.
While we recognize, in the instant case, some minimal differences in the circumstances surrounding the sales of new automobiles involving different dealerships and different profit margins and some varying claims, nevertheless, the proof related to the purchases of automobiles and the consumers' claims will, to a large extent, be similar in nature. Under the circumstances of this case, we reject defendant's argument that the right sought to be enforced is not common to all members of the class because sales were made from different dealerships at different prices, resulting in different degrees of damages in every case. We conclude, therefore, that class action procedure is permitted in the instant case unless the Unfair Trade Practices and Consumer Protection Law prohibits its use.
As hereinbefore pointed out, the Attorney General seeks, in this class action, 1) injunctive relief, 2) restitution and 3) actual damages. We find little difficulty in concluding that plaintiff is entitled, in a class action, to seek injunctive relief in the name of the State and on behalf of the consumer. See LSA-R.S. 51:1407; LSA-C.C.P. arts. 591 and 592; LSA-R.S. 51: 1414. Realizing that allegedly 1,467 automobiles with substituted engines have been sold in Louisiana and considering other allegations of the petition set forth hereinabove, we conclude the prerequisites for a class action for injunctive relief have been met. See Williams v. State, supra. Conversely, we have little difficulty in concluding that the consumer, i. e., Dr. Barry Simon, and the Attorney General, on the consumer's behalf, are not entitled to seek, in a class action, actual damages. See LSA-R.S. 51:1409.
The most serious problem with which we are confronted is whether or not the Attorney General, on behalf of the State and on behalf of a consumer, is entitled to seek restitution and/or diminution in a class action in view of the prohibition contained in LSA-R.S. 51:1409. *775 LSA-R.S. 51:1408 provides a remedy for compensation to an aggrieved party. We construe this section to mean that in a deceptive trade practice case restitution, as compensation to an aggrieved party, may be sought. Having concluded that the prerequisites, generally, for a class action have been met and being aware of the provisions of LSA-R.S. 51:1414 which authorize the Attorney General to use procedures available to persons under the Civil Code, Code of Civil Procedure and Revised Statutes, we might reasonably conclude further that the Attorney General has the right to assert a claim for restitution in a class action. However, LSA-R.S. 51:1409 specifically prohibits an action in a representative capacity for actual damages in a deceptive trade practice case. If restitution by definition is an aspect of "actual damages", then it cannot be asserted in a class action and a conflict would exist between LSA-R.S. 51:1408 and LSA-R.S. 51:1409.
A basic rule in statutory construction, however, is that, where possible, apparent contradictions between different sections of the same act will be resolved so as to give meaning to all parts of the statute. See LSA-C.C. art. 17; Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (1952). In this respect, it is significant that LSA-R.S. 51:1409 uses the phrase "actual damages" which we interpret to mean relief other than the refund of the purchase price and the return to the status quo that constitute restitution. This interpretation resolves the conflict and allows the Attorney General, in a class action under LSA-R.S. 51:1407 and LSA-R.S. 51:1408, to seek restitution or diminution, even though LSA-R.S. 51:1409 prohibits a class action for any claim for actual damages.
Though we have been unable to find any Louisiana cases directly on point to support our conclusion that restitution is not a part of actual damages, we are cognizant of the distinction between restitution and damages made by LSA-C.C. arts. 2545 and 2547, dealing with redhibition. LSA-C.C. art. 2545 states:
Art. 2545. Liability of seller for concealment of vice
"Art. 2545. The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
LSA-C.C. art. 2547 further provides that cases involving a seller's fraud "may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages . . . in favor of the buyer". The use of the word "besides" in LSA-C.C. art. 2545 and the conjunctive "and" in LSA-C.C. art 2547 clearly indicates that within the context of these articles damages is a remedy available in addition to restitution and/or diminution. Though we recognize that the instant suit is not one brought under the redhibition articles but rather under the deceptive trade practice statute, both actions involve a vice or defect in a thing sold, an alleged misrepresentation and the buyer's entitlement to restitution of the purchase price and damages. The distinction between the terms restitution and damages in the Code articles dealing with redhibition is, therefore, supportive of our conclusion that restitution is not a part of "actual damages" within the meaning of the deceptive trade practice law. See cases in other jurisdictions relating to class actions by the Attorney General for restitution to consumers[9] and other citations [10] offered by the State.
*776 In addition to the authority cited above, we consider it significant that LSA-R.S. 51:1414 allows the Attorney General to use "all other authority and procedures available to persons under the Louisiana Civil Code, Code of Civil Procedure and Revised Statutes" in enforcing the deceptive trade practice law. Had the Legislature intended to prevent the use of a class action for restitution of aggrieved consumers, it would seem that some limiting language would have been placed in Section 1414 such as "except as otherwise provided in Section 1409" or "except for class action procedure". Section 1414 does not contain such a limitation, but rather authorizes the Attorney General to use "all" procedures.
We conclude, therefore, the Attorney General may, on behalf of consumers, file a class action suit for injunctive relief and for restitution and/or diminution under LSA-R.S. 51:1407 and LSA-R.S. 51:1408. Whether or not a consumer is entitled to restitution is dependent upon proof whether he was, in fact, aggrieved, the extent to which he was aggrieved or, indeed, whether he desires restitution or diminution.
Accordingly, the judgment maintaining the rule for a class action is modified as follows. Plaintiffs' right to seek injunctive relief, in a class action, on behalf of the State and on behalf of Dr. Barry Simon, is recognized. Plaintiffs' right to seek restitution and/or diminution, as such, in this class action, on behalf of Dr. Barry Simon is recognized. Plaintiffs are not entitled, in a class action, to seek actual damages on behalf of Dr. Barry Simon. As amended, the judgment is affirmed.
Consistent with the above, the matter is remanded to the trial court for further proceedings.
AMENDED, AFFIRMED AND REMANDED.
BEER, J., concurs.
BEER, Judge, concurring.
Agreeing fully with the majority's opinion with respect to the right of the Attorney General to seek injunctive relief in a class action and the lack of the Attorney General's entitlement to seek actual damages, the following observations are restricted to the majority's consideration of the Attorney General's right to seek restitution and/or diminution in this class action.
I am in general agreement with the majority's treatment of the restitution and/or diminution issue but with some reservations.
For example, there may be a number of purchasers of 1977 Oldsmobile (or other General Motors) automobiles into which were installed engines manufactured by the Chevrolet Division of General Motors who either knew that this was the case prior to purchase of the vehicle or who, upon discovery, were totally indifferent with respect thereto. In such instances, I perceive no basis upon which General Motors Corporation is obliged to make restitution or to diminish the purchase price of the vehicle.
Where the purchaser has experienced disgruntlement or apprehension, his right to be recompensed for same can be addressed along with his claim for such actual damages as have been allegedly suffered. Thus, I am of the view that the class able to be represented by the Attorney General insofar as restitution and/or diminution is concerned should be further restricted so that it includes only those disgruntled or apprehensive purchasers who have no actual damage claim (beyond their disgruntlement and apprehension) and whose claim will, thereby, be limited to the relief apparently envisioned by the legislature when, in its wisdom, it enacted LSA-R.S. 51:1408.
Finally, I believe that LSA-R.S. 51:1408 is, essentially, punitive in nature or, at least, more susceptible to be defined as punitive. With that in view, I believe that it must be strictly construed and administered *777 in such a way as to obviate any misplaced overzealousness which might result in civil penalties that are as onerous as criminal fines without the attendant due process safeguards.
BEER, Judge, dissenting from the denial of granting the application for rehearing filed on behalf of General Motors Corporation.
Upon additional reflection and being to some extent influenced by the application for rehearing of General Motors Corporation, I would vote to grant a rehearing in this matter, being of the view that the proposed class action will be of little or no benefit to those who have been seriously aggrieved as a result of the alleged improprieties of General Motors Corporation and that those who are merely disgruntled or apprehensive are not, on the showing made, necessarily a part of the class which Dr. Simon supposedly represents.
NOTES
[1] Several alternative claims for restitution are sought, including a return of the vehicle to General Motors and refund of the purchase price to the consumer; replacement of the Chevrolet engine with the proper Oldsmobile one; a return of the automobile to General Motors in exchange for a new Oldsmobile automobile equipped with the proper Oldsmobile engine; or a return to the consumer of the amount in excess of the diminuted value resulting from the installation of the Chevrolet engine.
[2] LSA-R.S. 51:1407 provides:

§ 1407. Restraining prohibited acts
"Whenever the director and the attorney general has reason to believe that any person is using, has used or is about to use any method, act or practice declared by R.S. 51:1405 to be unlawful, the director may instruct the attorney general to bring an action for injunctive relief in the name of the state against such person to restrain and enjoin the use of such method, act or practice. The action may be brought in the district court having civil jurisdiction in any parish in which such person resides, or is domiciled or has his principal place of business, or, with consent of the parties, may be brought in the district court of the parish where the state capitol is located. These courts are authorized to issue temporary restraining orders or preliminary and permanent injunctions to restrain and enjoin violations of this chapter, and such restraining orders or injunctions shall be issued without bond."
[3] LSA-R.S. 51:1408 provides:

§ 1408. Additional relief
"The court may issue such additional orders or render judgments against any party, as may be necessary to compensate any aggrieved person for any property, movable or immovable, corporeal or incorporeal, which may have been acquired from such person by means of any method, act or practice declared unlawful by R.S. 51:1405, whichever may be applicable to that party under R.S. 51:1418."
[4] LSA-C.C.P. art. 591(1) provides:

Art. 591. Prerequisites
"A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
* * *"
[5] LSA-R.S. 51:1409(A) provides:

§ 1409. Private actions
"A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. * * *"
[6] LSA-C.C.P. art. 1841 provides:

Art. 1841. Judgments, interlocutory and final
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
"A judgment that determines the merits in whole or in part is a final judgment."
[7] LSA-C.C.P. art. 2083 provides:

Art. 2083. Judgments appealable
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
[8] See Trice v. Simon, 233 So.2d 609 (La.App. 3d Cir. 1970); Green v. New Orleans Public Service, Inc., 194 So.2d 398 (La.App. 4th Cir. 1967).
[9] In State v. Ralph Williams' North West Chrysler Plymouth, Inc., 87 Wash.2d 298, 553 P.2d 423, 438 (1976), the Washington Supreme Court, in a deceptive trade practice case, distinguished a class action for restitution from one for damages. In Kugler v. Romain, 58 N.J. 522, 279 A.2d 640 (1971), the New Jersey Supreme Court permitted the Attorney General to bring a class action for restitution of consumers under the state deceptive trade practice statute. See also Kugler v. Koscot Interplanetary, Inc., 120 N.J.Super. 216, 293 A.2d 682 (1972).

We also recognize the distinction in the law of contracts in the common law between restitution and damages for breach. See Calamari and Perillo, Contracts, §§ 237-242 (1970).
[10] Breeden and Lovett in "Louisiana's New Unfair Trade Practice and Consumer Protection Laws," 20 La.Bar.J. 307, 321 (1973) indicate that restitution may be awarded in a multi-party action by the Attorney General even though a class action for actual damages is prohibited by LSA-R.S. 51:1409. See also the discussion in Comment, "Louisiana's Consumer Protection LawThree Years of Operation," 50 Tul.L.Rev. 375, 386 (1976).