659 So.2d 812 (1995)
Deion McGEE, et al.
v.
SHELL OIL COMPANY and XYZ Insurance Company.
Lois CHADWICK, et al.
v.
SHELL OIL COMPANY.
Godfrey LENNIX, et al.
v.
SHELL OIL COMPANY.
Judy ANDERSON, et al.
v.
SHELL OIL COMPANY.
Nos. 95-CA-64, 95-CA-65, 95-CA-66 and 95-CA-67.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1995.
Rehearing Denied September 18, 1995.
*813 Roy F. Amedee, Jr., LaPlace, W. Hugh Sibley, Greensburg, Calvin C. Fayard, Jr., Denham Springs, Wendell Gauthier, Metairie, Daniel E. Becnel, Jr., Reserve, for plaintiffs-appellees.
Randall J. Heldt, Shell Oil Co., Houston, TX, Mark Marino, Destrehan, Charles M. Raymond (Appeal Counsel), Shell Oil Co., New Orleans, for defendant-appellant Shell Oil Co.
Before KLIEBERT, GAUDIN and DUFRESNE, Jr., JJ.
KLIEBERT, Chief Judge.
Defendant, Shell Oil Company, appeals from a judgment certifying plaintiffs' claims as a class action. For the reasons which follow, we affirm the trial court's ruling.
This case involves four consolidated lawsuits. The McGee suit was filed on June 10, 1993 and involves the claim of one named plaintiff. The Chadwick suit was also filed on June 10, 1993 and involves five named plaintiffs. The Anderson litigation was filed on June 21, 1993 and involves one named plaintiff. The Lennix suit was filed on July 2, 1993 and involves thirty-three named plaintiffs. The suits in McGee, Chadwick, and Anderson were filed as class actions.
All four suits allege claims for damages, including personal injuries and inconvenience, as a result of a release of sulfuric acid from a pipeline on June 8, 1993 at the Shell Oil Company plant in Norco, Louisiana. Each suit also seeks exemplary damages under the provisions of LSA-C.C. art. 2315.3.
The trial court conducted a hearing on plaintiffs' motions for class certification in accordance with LSA-C.C.P. art. 591, et seq. In support of their motions, plaintiffs presented expert and lay testimony and defendant, Shell Oil, presented evidence in opposition to the motions. On August 10, *814 1994 the trial court rendered judgment in favor of plaintiffs granting plaintiffs' motion for class certification and defining the class as being comprised of those individuals who were present within certain described geographic boundaries at the time of the release. The geographic boundaries established for the class was described by the trial court as that area encompassed within the Town of Norco, west of the Shell Oil Company complex, bounded by the Mississippi River on the South, the eastern Bonnet Carre Spillway levee on the west, U.S. Highway 61 on the north, and the western boundary of the Shell Oil Company complex.
The release in this case involved 44,000 pounds of sulfuric acid which spilled into a nearby ditch for approximately 600 feet, reaching First Street in the Town of Norco and an additional 150 feet down the First Street ditch. According to the testimony, some amount of this sulfuric acid, in liquid form, vaporized into the atmosphere. Approximately 41 residences were evacuated.
On appeal, Shell argues that the plaintiffs failed to meet their burden to prove the prerequisites for a class action and the trial court improperly relied on expert testimony to establish the class.
Articles 591(1) and 592 of the Louisiana Code of Civil Procedure provide as follows:
Art. 591. Prerequisites
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class;...
Art. 592. Representation
One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members.
As discussed in McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984), it is well settled that it is plaintiff's burden to prove, by a preponderance of the evidence, that the following three elements must be met for a class action to be appropriate:
1. A class so numerous that joinder is impracticable;
2. The joinder as parties to the suit one or more persons who are (a) members of the class, and (b) so situated as to provide adequate representation for absent members of the class; and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
To establish numerosity, the first requirement for a class action, it must be shown that the class is so numerous that joinder is impracticable. Although identification of all potential class members is unnecessary, the party seeking certification must establish a definable group of aggrieved persons. Farlough v. Smallwood, 524 So.2d 201 (La.App. 4th Cir.1988), writ denied, 526 So.2d 810 (La.1988). The second requirement is to insure adequate representation of the absent class members. Becnel v. United Gas Pipeline Co., 613 So.2d 1155 (La.App. 5th Cir.1993). To establish a common character, there must be questions of law or fact common to the members of the class which predominate over any questions affecting only individual members.
The fundamental objectives of a class action device is the achievement of economies of time, effort, and expense. Thus, it must be decided whether the intertwined goals of effectuating substantive law, judicial efficiency, and individual fairness would be better served by some other procedural device. Becnel, supra, at 1158. If an error is to be made, it should be made in favor of and not against the maintenance of the class action for it is always subject to modification should later developments so require. McCastle, supra, at 620; LSA-C.C.P. art. 593.1(B).
The facts of this case are similar to the cases involved in McCastle, supra, and our own decision in Rivera v. United Gas Pipeline Co., 613 So.2d 1152 (La.App. 5th *815 Cir.1993). In this case, 190 plaintiffs have already filed suit to assert their claims resulting from the release.[1] Plaintiffs also introduced affidavits into evidence regarding additional potential claims in excess of 4,000. In our view, a single trial would effectively and efficiently resolve the issue of liability common to the class. The issues of liability common to class members predominate over the questions of damage assessments affecting individual members.
The trial court found the expert opinion of Dr. F.E. Courtney, plaintiffs' expert, to be the most reliable in developing the court's geographic boundaries of the class. Shell argues that the testimony of Dr. Courtney does not meet the standards regarding expert testimony as set forth in State v. Foret, 628 So.2d 1116 (La.1993). Expert scientific testimony must be reliable in order to be admissible. Foret, supra, LSA-C.E. art. 702. In our view, Shell's argument on this point questions the geographic boundaries of the class rather than the question of whether the class action certification was proper. At any time before a decision on the merits, the trial court may alter, amend, or recall its class certification and may enlarge, restrict, or otherwise redefine the constituency of the class or the issues to be maintained in the class action. LSA-C.C.P. art. 593.1(B). We find no error in the trial court's use of Dr. Courtney's testimony to define the geographic boundaries of the class. The trial court is free to alter, amend, or recall its class certification and may enlarge, restrict, or redefine those boundaries.
A trial court has great discretion in deciding whether to certify a class and its decision will not be overturned absent manifest error. Adams v. CSX Railroads, 615 So.2d 476 (La. App. 4th Cir.1993); Ellis v. Georgia-Pacific Corporation, 550 So.2d 1310 (La.App. 1st Cir.1989); 559 So.2d 121 (La.1990). On the showing made, the trial court did not abuse its much discretion. We find no manifest error in the trial court's judgment. The judgment of the trial court is affirmed. Appellant is cast for all costs.
AFFIRMED.
NOTES
[1] A number of plaintiffs have either intervened in or have been added to the original lawsuits by the filing of supplemental and amending petitions and interventions.