FITZSIMMONS, Judge.
Plaintiffs, Patty and John Carr, individually, and on behalf of their minor child, James; and Seley and Raymond Williams, individually, and on behalf of their minor child, Mandy, filed suit for damages against Houma Redi-Mix Concrete Co. The plaintiffs also sought to represent all persons similarly situated through a class action. The trial court certified a class comprising the “students of East Houma Elementary School between September 8, 1994 through September 8, 1995....”
Defendant, Houma Redi-Mix Concrete Co., filed a supervisory writ with this court and an appeal. The writ, number 96 CW 1548, was referred to the regular docket. The appeal, number 96 CA 2462, was docketed. Plaintiffs filed a motion to dismiss the appeal.
MOTION FOR DISMISSAL
Plaintiffs argued that the interlocutory judgment on certification was not appealable because the judgment would not result in “irreparable harm” to defendant. Redi-Mix filed an opposition to the motion to dismiss.
After a review of the record, we find that Redi-Mix failed to make a showing of irreparable harm. The naked statement that Redi-Mix would suffer irreparable harm is not sufficient. See La. C.C.P. art. 2083; Cotton v. Gaylord Chemical Corp., 96-2426 (La.10/25/96); 680 So.2d 1187. The case cited by Redi-Mix, State ex rel Guste v. General Motors Corporation, 354 So.2d 770 (La.App. 4th Cir.), affirmed, 370 So.2d 477 (La.1978) (on rehearing), involved customers throughout Louisiana that had dealt with different General Motors dealerships. General Motors Corporation, 354 So.2d at 772-73. The fourth circuit noted that the cost of a proceeding is not generally a basis for a claim of irreparable harm. However, in the General Motors case, the cost of notification for a widely dispersed class, as well as the inability to assess damages would have created irreparable harm Uto both parties if the appeal was not accepted. General Motors Corporation, 354 So.2d at 774. Redi-Mix made no showing or argument that such costs or circumstances existed in this case.
Additionally, Redi-Mix will not be harmed by a delay in the review of the certification. This court, on January 28, 1997, ordered that a writ of certiorari issue, and stayed the proceedings below. For these reasons, we dismiss the appeal of Redi-Mix. The costs of the proceeding are assessed equally to defendant, Redi-Mix, and plaintiffs.
APPEAL DISMISSED.
FOIL, J., concurs in part and dissents in part for the reasons set forth by WHIPPLE, J.
WHIPPLE, J., dissents with reasons assigned.