710 So.2d 835 (1998)
Willard A. EASTIN, Jr., et al.
v.
ENTERGY CORPORATION, et al.
No. 97-CA-1094.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
*836 Stephen B. Murray, Perry M. Nicosia, Stephanie M. Lawrence, Murray Law Firm, New Orleans, and Lenon J. Parent, Jr., Thomas G. Wilkinson, Gretna, for Plaintiffs/Appellees, Willard A. Eastin, Jr., et al.
Harry Rosenberg, M. Nan Alessandra, Thomas H. Kiggans, Joanne Rinardo, Phelps Dunbar, New Orleans, and Kenneth P. Carter, Louis Leonard Galvis, New Orleans, for Entergy Corporation, et al.
*837 Keith M. Pyburn, Jr., McCalla, Thompson, Pyburn, Hymowitz & Shapiro, New Orleans, for Edwin A. Lupberger.
Before BOWES, GOTHARD and DALEY, JJ.
BOWES, Judge.
Defendants/appellants, Entergy Corporation, Entergy Services Inc., Entergy Louisiana Enc., and Entergy New Orleans Inc. appeal a judgment of the district court certifying a class action against them. For the following reasons we reverse and remand.
Willard Eastin and seven other plaintiffs filed a petition for damages, declaratory judgment, and for a class action in which Entergy Corporation and eight individuals were named as defendants.[1] The petition alleges that the plaintiffs were employees of Entergy and were between the ages of 40 and 70 years old when, because of their ages, they were discharged at various times during 1992 and 1993. These discharges were alleged to be in violation of La. R.S. 51:2231 et seq. The individual defendants are alleged to have engaged in a systematic, unlawful discrimination against older experienced employees in favor of younger less experienced employees.
It is further averred that such acts and policies are continuing, and that plaintiffs are suing on behalf of themselves and for all persons similarly situated "that is, employees between the ages of forty and seventy who have been terminated from employment at Entergy Corporation because of age."
The petition was later amended several times to:
1. include additional plaintiffs;
2. name corporate subsidiaries of Entergy; and
3. name additional individual defendants.
Numerous pleadings were subsequently filed by appellant and appellees; at issue in the present proceeding is the judgment granting plaintiffs' motion for certification as a class. No reasons for judgment were given by the trial judge.
On appeal, Entergy argues that the district court erred in certifying the case as a class action because the plaintiffs have failed to establish the prerequisite common character among the plaintiffs and the individual claims of the other putative class members; and because the theory on which the claim is based is unique, legally suspect and, thereby, inappropriate for treatment as a class action.

MOTION TO DISMISS APPEAL
Plaintiffs have filed a motion to dismiss the present appeal on the grounds that defendants have not made the requisite showing of irreparable injury necessary to sustain a suspensive appeal of an interlocutory judgment.
Certification of a class is an interlocutory judgment. However, where irreparable injury may result, the judgment is appealable. La. C.C.P. art. 2083; Richardson v. American Cyanamid Co., 95-898 (La.App. 5 Cir. 4/16/96), 672 So.2d 1161. Irreparable injury occurs in those cases where the error in the ruling cannot, as a practical matter, be corrected on appeal after a trial on the merits. Brown v. New Orleans Public Service Inc., 490 So.2d 271 (La.1986).
Louisiana courts have repeatedly held that an interlocutory ruling certifying a large class of plaintiffs may, in some cases, create irreparable harm to the defendants and thus justify appellate review. Major Banks, et al. v. New York Life Ins. Co., et al., 97-1996 (La.7/29/97) 697 So.2d 592.

Carr v. GAF, Inc., 97-2325 (La.11/14/97), 702 So.2d 1384 citing Richardson v. American Cyanamid Co., 95-898 (La.App. 5 Cir. 4/16/96), 672 So.2d 1161, writ denied, 96-1556 (La.9/27/96), 679 So.2d 1344; Adams v. CSX Railroads, 615 So.2d 476 (La.App. 4 Cir. 1993).
In the present case, the trial court certified, as a class, the following:
All former employees of Entergy and/or Entergy subsidiaries identified as defendants in this case, whose employment terminated in Louisiana between 1991 and 1996, who were between the ages of 40 and *838 70 at the time their employment terminated.
In moving for class certification, plaintiffs aver that:
Based on the information available to the Plaintiffs, the potential number of class members in the present case exceeds 1000, and satisfies the numerosity and impracticability of joinder requirements expressed by the Louisiana law.
Plaintiffs cited Cotton v. Gaylord Chemical Corp., 96-2426 (La.10/25/96), 680 So.2d 1187 in support of its class certification. In granting a suspensive appeal to the defendants inCarr, supra, the Supreme Court distinguished Cotton as involving a contest between two groups of plaintiffs:
In Cotten ... we held that a challenge of the trial court's certification made by a group of plaintiffs could not be taken as a suspensive appeal because there was no showing of irreparable injury. In that case, a small group of plaintiffs complained that the certification of the class was improper because, inter alia, the class was drawn too broadly. There, the parties challenging the class certification simply could not demonstrate irreparable injury, as the broadly defined class included them in the action, and, if they elected not to participate in the class, they had the opportunity to opt out of the class. Such alternatives are obviously not available to a defendant who challenges the certification of a class.
In denying plaintiffs' motion to dismiss defendants' suspensive appeal of class certification in State ex rel. Guste v. General Motors Corp., 354 So.2d 770 (La.App. 4 Cir.), affirmed on rehearing, 370 So.2d 477 (La. 1978), the court held:
If, at a later time, after trial on the merits and review, it is determined that the trial judge erred in permitting the matter to be tried as a class action, immeasurable expense and innumerable wasted court days will have resulted. Furthermore, litigants in other matters will have been needlessly delayed.
That reasoning applies in the present case. The certified class involves a large group of plaintiffs and the appeal has been taken by the defendants who challenge the certification. As in Carr, supra, andGuste v. General Motors, supra, we find that the defendants herein have made the requisite showing of irreparable injury to support that requisite of a suspensive appeal  and we note that recent appeals of class certifications have been suspensive. See Richardson, supra; Banks v. New York Life Insurance Company, 97-1996 (La.7/29/97), 697 So.2d 592; Carr, supra.
Therefore, plaintiffs' motion to dismiss the appeal, or alternatively convert it to a devolutive appeal, is denied.

CLASS CERTIFICATION
A trial court has great discretion in deciding whether to certify a class and its decision will not be overturned absent manifest error. McGee v. Shell Oil Co., 95-64 (La.App. 5 Cir. 6/28/95), 659 So.2d 812; Adams v. CSX Railroads, 92-1077 (La.App. 4 Cir. 2/26/93), 615 So.2d 476; Ellis v. Georgia-Pacific Corporation, 550 So.2d 1310 (La. App. 1 Cir.1989), writ denied, 559 So.2d 121 (La.1990).
Under La. C.C.P. art. 591:[2]
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
La. C.C.P. art. 593.1 states in part:

*839 A. After commencement of an action by or on behalf of parties alleged to be members of a class, the court, on its own motion, or on the motion of any party or on trial of any exception directed to such issue, shall determine whether the action may be properly maintained as a class action as a prerequisite to any further proceedings therein. If the court finds that the action should be maintained as a class action, it shall certify the action accordingly; otherwise the action shall be dismissed. The court may permit amendment of the pleadings in the action to permit maintenance thereof as an ordinary proceeding on behalf of parties expressly named therein.
B. In the process of class certification or at any time thereafter before decision on the merits, the court may alter, amend or recall its certification and may enlarge, restrict, or otherwise redefine the constituency of the class or the issues to be maintained in the class action.
The basic requirements for a class action are:
1. A class so numerous that joinder is impracticable;
2. the joinder as parties to the suit one or more persons who are members of the class and are so situated as to provide adequate representation for absent members of the class; and
3. a "common character" among the rights of the representatives of the class and the absent members of the class.
La. C.C.P. art. 591(1); State ex rel. Guste v. General Motors Corp., 370 So.2d 477 (La. 1978); McCastle v. Rollins Environmental Services of Louisiana, Inc. 456 So.2d 612 (La.1984). However, appellants do not urge error in the numerosity or representation requirements. Therefore, we shall not address those issues.
In their petition, plaintiffs cite La. R.S.51:2231 et seq. as the basis for their claims. La. R.S. 51:2231 created the Louisiana Commission on Human Rights to provide for execution within Louisiana of the policies embodied in the Federal Civil Rights Act of 1964, 1968, and 1972 and the Age Discrimination in Employment Act of 1967. The Act prohibits discrimination on the basis of race, creed, color, religion, pertaining to Louisiana Commission on Human Rights. Under La. R.S. 51:2231, actions brought under the section based on age discrimination shall be limited to individuals who are at least 40 years of age. La. R.S. 23:312, part of the Louisiana Employment Discrimination Law, states, among other things, that it is unlawful for an employer to refuse to hire, or to discharge any individual on account of age.
The elements of a cause of action for employment discrimination on the basis of age are:
1. that plaintiff was in the protected age group between the ages of 40 and 70;
2. his employment with the defendant was involuntarily terminated;
3. he was qualified to perform the job that he was employed to perform; and
4. he was replaced by a person outside the protected age group.
See Lege v. N.F. McCall Crews Inc., 625 So.2d 185 (La.App. 3 Cir.), writ denied, 627 So.2d 638 (La.1993); Taylor v. Oakbourne Country Club, 95-388 (La.App. 3 Cir. 10/4/95), 663 So.2d 379.
As previously stated, the trial court certified as a class the following:
All former employees of Entergy and/or Entergy subsidiaries identified as defendants in this case, whose employment terminated in Louisiana between 1991 and 1996, who were between the ages of 40 and 70 at the time their employment terminated.
Appellants allege a lack of commonality among the plaintiffs so as to foreclose or prevent class certification. It is generally asserted by Entergy that changes in the internal structure of Entergy and its down-sizing resulted in the decline of its work force by 5,500 employees between 1991 and 1996. It is further urged that there was no common cause for plaintiffs' alleged injuries and that the claims of plaintiffs' putative class do not predominate over the individual issues raised. Defendants also claim that there are too many individual issues arising from the *840 variations in time, operations, and causes of the plaintiffs' respective departures from their former employment and the circumstances surrounding their departures; and that there are individual issues arising from variations in the defenses available to defendants.
Under Louisiana practice there must be a "common character" among the rights of the representatives and the absent members of the class in order to make for a proper class action. La. C.C.P. art. 591(1). The requirement of a "common character" restricts the class action to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. McCastle v. Rollins Environmental Services of Louisiana, Inc., supra. When a "common character" of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device, namely:
1. effectuating substantive law;
2. judicial efficiency; and
3. individual fairness.
McCastle, supra; Guste v. General Motors Corp., supra; Williams v. State, 350 So.2d 131, 133-34 (La.1977); Stevens v. Board of Trustees, 309 So.2d 144, 151 (La.1975).
Louisiana law requires the questions of law or fact which are common to class members to predominate over any questions which affect only individual members. Guste, supra.
For the 22 sample plaintiffs whose affidavits were submitted to the trial court for the certification proceedings, each had a different supervisor and at least two of those plaintiffs did not allege a reason offered by Entergy for their discharge. Rather, they indicate only that their respective employments terminated and that they observed that a majority of employees being terminated were over the age of 40.
Therefore, each plaintiff will have to offer different facts to establish that a series of actions[3] on the part of Entergy an/or its subsidiaries resulted in a common scheme to eliminate older employees. Under the circumstances of this case as noted above, we find that a common issue does not predominate over the individual issues in this case. Each employee's claim entails proof of individual issues such as the reasons that they are no longer employed by Entergy or its subsidiaries; the evaluation systems utilized by different supervisors of the different companies or units each left; and the different times and circumstances under which each left, all of which lead to the different defenses available to the defendant for different plaintiffs.
The fact that there are several defendants, including Entergy and some of its subsidiaries, is also troublesome and greatly affects the predominance requirement. The evidence indicates that the sample plaintiffs worked at Entergy, LP & L, or NOPSI, among other subsidiaries, and in different departments within each. Such facts create individual and particular issues; and as defendants point out, evidence that one manager may have used one evaluation process in a discriminatory manner would do nothing to prove that another manager in a different department in a different company using a different process did the same thing.
In McCastle, supra the Supreme Court held that a mass tort case may well be appropriate for certification as a class action if it arises from a common cause or disaster. Also Ford v. Murphy Oil U.S.A., Inc., 96-2913 (La.9/9/97), 703 So.2d 542, McCastle, supra, involved complaints about a single defendant in a single geographical area under traditional tort theories. In Ford, the Court held that there, claims arising from the torts of individual defendants were not appropriate for class action as there was no "common cause" as to those claims for all class members. Under certain circumstances, the existence of individual causation [and liability] issues as to each potential class member may so predominate over common *841 issues that the class certification is in appropriate. Ford, supra; Bernard v. Thigpen, 97-1877, 97-1893, 97-1894 (La.11/21/1997), 702 So.2d 1387.
We find such to be the case here. Although plaintiffs allege the common cause is age discrimination, we find that the multiplicity of companies and the individual circumstances of the plaintiffs preclude a finding of a common cause on the facts as presented at this time. See also Ulvin v. Northwestern National Life Insurance Company, 141 F.R.D. 130 (D.Minn.1991); Lusardi v. Xerox Corporation, 118 F.R.D. 351 (D.N.J.1987).
Additionally, we find that the class defined by the trial court encompasses an overly broad group of people, i.e., all those between 40 and 70 whose employment terminated during the years 1991-1996. Such a defined class is far broader than those entitled to bring an action for employment discrimination. The right sought in the present case is the right not to be discriminated against in employment because of age. The elements of that right (infra) include the requirement that the termination be involuntary. However, the present class, as defined above, includes all persons in the protected age group whose employment terminated, including those who left because of normal voluntary retirement or to obtain other employment, or for health or other reasons having nothing to do with the cause of action before the court. Accordingly, we find that the character of the right sought to be enforced is not common to all members of the class. In the case before us, the causation of the various claims regarding discharge of the employee are varied, and as pointed out above, sometimes not even apparent. Accordingly, based on the record before us on appeal, we find that the trial court erred in certifying the class.
It is evident that the plaintiffs may have individual causes of action against their various companies. In addition, decertification of the present class does not foreclose the possibility that some plaintiffs may be entitled to bring smaller, more limited class action.
For the reasons stated herein, the judgment of the trial court certifying this suit as a class action suit is reversed; and the case is remanded to the trial court for further proceedings in keeping with this opinion. Appellants and appellees are each to pay their own costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The individual defendants, with the exception of Edwin Lupberger, CEO of Entergy.
[2] Acts 1997, No. 839 Sec. 1 amended Code of Civil Procedure Articles 591-594 and 596, and repealed article 593.1. However, the legislation specifically provided that those provisions are applicable only to actions filed on and after its effective date. The effective date was July 1, 1997. Therefore, the above cited articles are applicable to this action.
[3] At the present time, there are 121 actions for each named plaintiff. Of course, if the class increases, the number of actions or set of facts also increases.