971 So.2d 374 (2007)
Willard A. EASTIN, Jr., Henry Monroe, Donald D. Runge, Louis Anthony Frost, Charles K. Ohlmeyer, III, Robert Martin Braniff, Sr., William C. Owens, Jr., and William K. Carney
v.
ENTERGY CORPORATION, Richard A. Cuicchi, Albert C. King, Ramon Baulmay, William O. Van As, William Brewer, George Bartlett, Ronnie Beam, and Charles Kelly.
No. 07-CA-212.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2007.
*375 Linda S. Harang, Law Offices of Linda S. Harang, L.L.C., Jefferson, Louisiana, Robert P. Early, Sr., Harvey, Louisiana, Stephen B. Murray, New Orleans, Louisiana, *376 Thomas G. Wilkinson, Gretna, Louisiana, for Plaintiffs/Appellants.
Harry A. Rosenberg, M. Nan Alessandra, Kim M. Boyle, Phelps Dunbar LLP, Roy C. Cheatwood, Amelia W. Koch, Caroline McSherry Dolan, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Kenneth P. Carter, New Orleans, Louisiana, for Defendants/Appellees.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and GREG G. GUIDRY.
THOMAS F. DALEY, Judge.
Plaintiffs, former employees of defendant, Entergy, and its subsidiaries who filed suit against defendants alleging age-related employment discrimination, appeal the trial court's grant of defendants' Exception of Prescription as to those twenty seven (27) plaintiffs added to the suit in the Seventh, Eighth, and Ninth Supplemental and Amending Petitions. After thorough consideration, we affirm in part, reverse in part, and remand. We find that the Seventh Petition was timely, but that the plaintiffs' claims newly added in the Eighth and Ninth Supplemental and Amending Petitions are prescribed.
Plaintiffs argue, on appeal, that various procedural barriers exist that preclude the reconsideration of Entergy's Exception of Prescription by the trial court and this Court. Second, they argue that the trial court erred in finding the various plaintiffs' claims prescribed, because notice of the decertification[1] of the class action has never been published; thus, under the doctrine of contra non valentum, prescription did not run against plaintiffs because they could not have discovered that they had a cause of action. Further, they argue, the duty to publish the notice of the decertification of the class belonged to Entergy, not plaintiffs' counsel.
PROCEDURAL HISTORY
This case has an extensive procedural history, the pertinent parts of which are outlined here. Suit was originally filed in November of 1993. The trial court certified the matter as a class action by a judgment signed on August 13, 1997. Entergy suspensively appealed that judgment, which was reversed by this Court on April 15, 1998, and remanded for further proceedings.[2]
Upon remand, Entergy filed a Motion for Entry of Judgment clarifying the class action status, which was heard on June 14, 1999. At the hearing, the trial court granted the Motion in part and denied it in part, which is reflected by a written judgment entered on October 15, 1999. The court denied defendants' request that plaintiffs' suit be dismissed, but granted the Motion in part to require plaintiffs to amend their petition within 30 days of the court's hearing date to set forth individual claims. Further, all class allegations that had been set forth in the various petitions and amending petitions filed by plaintiffs were stricken, though the judgment recognized that plaintiffs were not precluded from the possibility of filing smaller class actions.
On February 21, 1997, prior to the certification hearing in the trial court, plaintiffs had filed their Fifth Supplemental and Amending Petition. On July 14, 1999, *377 plaintiffs filed their Sixth Supplemental and Amending Petition, which removed class allegations, asserted plaintiffs' individual claims, and added 56 new plaintiffs.
Within one year of the October 15, 1999 judgment, on April 24, 2000, plaintiffs filed a Seventh Supplemental and Amending Petition, adding eight (8) new plaintiffs. In response to this Petition, Entergy filed various declinatory and dilatory Exceptions; the trial court granted the Exceptions of Vagueness and Nonconformity, ordering plaintiffs to "include a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation," as per LSA-C.C.P. art. 891. Thereafter, Plaintiffs filed an Eighth Superseding Supplemental and Amending Petition on May 31, 2001, as directed by the trial court, and added sixteen (16) new plaintiffs not contained in previous Petitions.
In response to the Eighth Petition, Entergy filed various declinatory and dilatory Exceptions, and also the peremptory Exceptions of Prescription, No Cause of Action, and No Right of Action. These Exceptions were heard on September 20, 2001. A judgment signed on September 24, 2001, granted the Exception of Prescription as to eleven (11) plaintiffs who were terminated by Entergy more than one year before the filing of the original Petition,[3] but denied it as to those claims asserted in the Petitions filed more than one year after this Court's opinion of April 15, 1998.
On October 23, 2001, plaintiffs filed a Ninth Supplemental and Amending Petition, adding four (4) new plaintiffs. On October 24, 2001, the Entergy defendants filed a Writ Application in this Court regarding the part of the September 24, 2001 trial court judgment that denied the Exception of Prescription. This Writ Application was denied by this Court.[4]
Entergy filed a Writ Application in the Supreme Court, which was granted in part and denied in part,[5] and the case was remanded to the trial court.
On August 16, 2005, Entergy filed another Exception of Prescription. In this Exception, Entergy argued that any plaintiff who filed his/her claim more than one year after this Court's decertification opinion of April 15, 1998 was barred by prescription.[6] This would include, Entergy *378 argued, all new claims filed in the Sixth, Seventh, Eighth, and Ninth Supplemental and Amending Petitions. Entergy argued that under the class action articles applicable to this suit, LSA-C.C.P. arts. 591-597, prior to the 1997 amendments, prescription as to absent "class" members began to run again as of the date of the Fifth Circuit opinion decertifying the class, or April 15, 1998. In opposition, plaintiffs argued that prescription did not begin to run again until notice of that judgment was given to the class (or the "non" class, potential plaintiffs). It is undisputed that notice of the decertification has not been published by either plaintiffs or defendants.
The matter was heard on April 18, 2006. On April 26, 2006, the trial court overruled the Exception of Prescription as to those plaintiffs named in the Sixth Supplemental and Amending Petition filed on July 14, 1999, pursuant to the trial court's Order dated June 14, 1999, but sustained it as to any remaining plaintiffs named in the Exception, which were those added by the Seventh (April 24, 2000), Eighth (May 31, 2001), and Ninth Supplemental and Amending Petitions (October 23, 2001). The trial court did not state reasons for judgment.
On May 26, 2006, Entergy filed a Writ Application in this Court, 06-C-391, regarding that portion of the trial court's judgment denying the Exception as to the plaintiffs added by the Sixth Petition. On June 22, 2006, plaintiffs moved for a devolutive appeal (the instant case) regarding that portion of the trial court's judgment granting the Exception as to the remaining plaintiffs named in the Exception (the plaintiffs added by the Seventh, Eighth, and Ninth Supplemental and Amending Petitions).
On June 28, 2006, this Court denied Entergy's Writ Application. This Court disagreed with Entergy's argument that this Court's opinion of April 15, 1998 re-commenced the running of prescription. This Court found that the April 15, 1998 opinion did not render a judgment that would re-commence the running of prescription, a fact acknowledged by Entergy when it filed, in the trial court, the Motion for Entry of Judgment. This Court implicitly found that prescription recommenced as of October 15, 1999, the date of the trial court's written judgment ordering that class allegations be stricken. From this Court's writ denial, Entergy filed a Writ Application to the Supreme Court, which was also denied.[7]
ARGUMENTS ON APPEAL
Now before this Court on appeal is the remaining portion of the trial court's April 26, 2006 judgment, which sustained Entergy's Exception of Prescription as to all remaining plaintiffs named in the Seventh, Eighth, and Ninth Supplemental and Amending Petitions.
Procedurally, plaintiffs argue that the trial court had already considered the identical Exception of Prescription in 2001, and denied it. Accordingly, plaintiffs argue, under the "law of the case" doctrine, the district court committed reversible error by granting the Exception. Further, they argue, Entergy should not have been allowed to reurge the Exception, it being virtually identical to the same one Entergy urged in 2001 and which was denied by the trial court. The issue should be the equivalent of res judicata, they argue. They also argue that under the "law of the case" doctrine, this Court is precluded *379 from reconsidering our previous denial of Entergy's Writ Application on the trial court's denial of Entergy's first Exception of Prescription.
On the merits of this appeal, plaintiffs argue that prescription has not recommenced running because notice of the class decertification was never published. Plaintiffs argue that under pre-1997 LSA-C.C.P. art. 594, absent class members were entitled to "official notice" of the dismissal of the class action, and that due process requires that prescription cannot run against an un-noticed putative class member. Plaintiffs further argue that the duty to publish notice fell to Entergy, the party who benefited from the decertification of the class.
RES JUDICATA AND LAW OF THE CASE
This Court will consider the procedural argument first. This Court finds no procedural bar to the trial court's consideration of Entergy's re-urged Exception of Prescription, nor any bar to this Court's review of the trial court's ruling. LSA-R.S. 13:4231, Res Judicata, states that a valid and final judgment is conclusive between the same parties. The denial of a peremptory Exception of Prescription is an interlocutory judgment, not a final judgment. Hence, the doctrine of res judicata does not apply. Landry v. Blaise, 02-0822 (La.App. 4 Cir. 10/23/02), 829 So.2d 661, 664. The doctrine of res judicata does not bar a party in the same action from re-urging an exception. A peremptory exception may be urged at any time. LSA-C.C.P. art. 928. A party may re-urge a peremptory exception after the denial of the exception. Landry v. Blaise, id. at 664.
Plaintiffs also argue that the doctrine of law of the case should prohibit this Court from considering a second Exception of Prescription in the same case. The law of the case doctrine embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. The law of the case doctrine, as opposed to the statutory provision of res judicata, is discretionary. Landry v. Blaise, id.; see also, Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105, 107-108 (1971), and Bonar v. Bonar, 00-232 (La.App. 5 Cir. 8/29/00), 768 So.2d 194.
Entergy re-urged the Exception of Prescription in 2005, as was Entergy's right, and the trial court made a new ruling, a partial grant and a partial denial. Plaintiffs argue that the Exception of Prescription denied in the September 24, 2001 judgment asserts the same arguments as the one subject to appeal now. We note, however, that those new plaintiffs added in the Ninth Supplemental and Amending Petition were not addressed by the 2001 Exception of Prescription, as that Petition was not filed until October 23, 2001.
When the trial court denied Entergy's first Exception of Prescription, this Court denied Entergy's Writ Application (01-C-1224). It does not appear, from the language of that ruling, that this Court considered the merits of the trial court's ruling, but merely declined to exercise our supervisory jurisdiction.[8] Accordingly, we will not apply the law of the case doctrine to preclude consideration of the trial court's partial grant of Entergy's Exception of Prescription.
RE-COMMENCEMENT OF PRESCRIPTION
On appeal, plaintiffs argue that prescription has never recommenced following the class's decertification because notice of the *380 decertification has never been published to the putative class.
In this Court's ruling on Writ Application 06-C-391, which reviewed the portion of the appealed judgment that denied Entergy's Exception of Prescription, this Court stated:
The defendants seek supervisory review of the trial court's denial of their Exception of Prescription to the Sixth Supplemental and Amending Petition that added additional plaintiffs. The defendants argue that this Court's opinion rendered on April 15, 1998, Eastin v. Entergy Corp., 97-1094 (La.App. 5 Cir. 4/15/98), 710 So.2d 835, decertified the class and re-commenced the running of prescription. We disagree with that argument.
This Court's opinion found the class, as certified, was overbroad and reversed the certification on those grounds. This Court remanded the matter to the trial court for reconsideration, acknowledging "the possibility that some plaintiffs may be entitled to bring smaller more limited class action." Since this Court did not render judgment, the remand did not re-commence the running of prescription. Defendants acknowledged that fact when they filed a "Motion to Enter Judgment," which prompted the June 14, 1999 hearing, wherein the trial judge ordered the plaintiffs to amend the petition to set forth individual claims within 30 days of the hearing. The judgment, which was not signed until October 15, 1999, stated "this Court will strike all class allegations which have been set forth in the various petitions and amending petitions filed by the plaintiffs in this action." Because the Sixth Supplemental and Amending Petition was filed within the 30 day time period, as provided in the trial court's June 14, 1999 oral ruling, and before the judgment striking the class allegations was signed, we find the defendants' argument that this Court's April 15, 1998 opinion re-commenced the running of prescription unpersuasive. Accordingly, this Writ Application is denied.
Therefore, this Court has ruled that this Court's April 15, 1998 opinion did not recommence the running of prescription. Plaintiffs argue that in order to recommence the running of prescription as to absent class (non-class) members, publication of the notice of the class decertification was required to be published, under the pre-1997 LSA-C.C.P. art. 594.
The question before this Court is, did prescription recommence running on October 15, 1999, the date of the written judgment on the Motion for Entry of Judgment? Or, as plaintiffs argue, has prescription failed to recommence running at all because notice of the class decertification was never published? Under current law, LSA-C.C.P. art. 596 requires notice before prescription begins to run again. The old law contained no such affirmative requirement upon decertification, but only upon dismissal.
Pre-1997 LSA-C.C.P. art. 594 stated, in pertinent part:
A. A class action shall not be dismissed or compromise without the approval of the court exercising jurisdiction over the class action. Notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.
Jurisprudence makes clear that this article requires notice to the class of the suit's dismissal, not the decertification of the matter as a class action. Nab Nat. Resources, L.L.C. v. Caruthers, 30,649 (La. App. 2 Cir. 7/6/98), 714 So.2d 1288; Speaks v. New York Life Ins. Co., 96-2483 (La. App. 4 Cir. 4/30/97), 693 So.2d 340.
*381 It is clear that the putative class was never notified of the class certification. When the trial court issued the judgment certifying the class, Entergy took a suspensive appeal. This Court reversed the certification. Plaintiffs argue that they were "forbidden" to publish notice of the class, but cite no authority for this position other than the general articles on the effects of suspensive appeal. Additionally, plaintiffs cite no authority for their position that Entergy was required to publish notice of the decertification.
Under the pre-1997 law, the filing of a class action interrupted prescription as to the claims of all members of the class, and the tolling of the statute of limitations ceased as soon as the district court denied the class certification. Bordelon v. City of Alexandria, 02-48 (La.App. 3 Cir. 7/10/02), 822 So.2d 223. (decided under the pre-1997 amendments to LSA-C.C.P. arts. 591-596), quoting Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1382 (11th Cir.), cert. denied, 525 U.S. 1019, 119 S.Ct. 545, 142 L.Ed.2d 453 (1998). In the instant case, class certification was originally granted, but was overturned (denied) by this Court. We find that prescription recommenced upon the ruling on the Motion for Entry of Judgment on October 15, 1999, since this Court's opinion decertifying the class did not render judgment itself.
Under the current version of LSA-C.C.P. art. 596, the filing of a class action petition only suspends prescription. The concepts of interruption and suspension are distinguishable. If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption. La. Civ.Code art. 3466. By contrast, if prescription is suspended, the period of suspension is not counted toward the accrual of prescription, but the time that has previously run is counted. La. Civ.Code art. 3472. In other words, if the one-year prescriptive period for delictual actions is suspended for any reason, the clock merely stops running during the suspension, and thereafter the obligee has only so much of the prescriptive period as was remaining when the suspension began. Adams v. Stalder, 06-0051 (La.App. 1 Cir. 3/17/06), 934 So.2d 722.
Under the old class action procedural rules (pre-1997) applicable to this case, the running of prescription as to putative class members was interrupted by the filing of the original petition and commenced to run anew on October 15, 1999. Prescription on an employment discrimination action is one year. Eastin v. Entergy Corp., 03-1030 (La.2/6/04), 865 So.2d 49. Based on the jurisprudence, which applies the old class action procedural article, plaintiffs had one year from the date prescription recommenced to file their Petition. Accordingly, the claims of plaintiffs added by the Seventh Supplemental and Amending Petition are timely, because that Petition was filed within one year of the trial court's October 15, 1999 written judgment. The claims of plaintiffs added by the Eighth and Ninth Supplemental and Amending Petitions, however, are clearly untimely, as they were filed more than one year after this judgment.
Plaintiffs argue that the concept of contra non valentum applies to this case. They argue that because they have not received notice of the decertification order, they were prevented from filing their individual suits. We find that the Supreme Court has considered the same arguments plaintiffs make here, and squarely rejected them in a previous ruling in this suit. See Eastin v. Entergy Corp., 03-1030 (La.2/6/04), 865 So.2d 49. The court clearly stated that

*382 It is by now well established that, in employment discrimination actions, limitations periods normally start to run when the employer's decision is made and communicated to the affected employee. This rule of law is grounded on a solid foundation: when an employee knows that he has been hurt and also knows that his employer has inflicted the injury, it is fair to begin the countdown toward repose. And the plaintiff need not know all the facts that support his claim in order for countdown to commence.
The court rejected plaintiffs' arguments that prescription was suspended by application of contra non valentum, because they could not have known of Entergy's "pattern" of discrimination until they learned of the class action proceedings. As the court stated there:
We recognize a distinct difference between learning of a lawsuit, learning of others being terminated for age-related reasons, and the situation we have here, where the causes of action accrue at the termination and prescription immediately commences yet the aggrieved party does nothing for years to determine if they have a cause of action. It is important to note that the first two situations, learning of another's law suit or discriminatory practices occasioned upon another, do not give rise to one's own rights to or the knowledge that one has a cause of action.
Therefore, for the reasons assigned above, we reverse the portion of the trial court's judgment that granted the Exception of Prescription as to the plaintiffs added to the suit in the Seventh Supplemental and Amending Petition, but affirm it as to the plaintiffs added in the Eighth and Ninth Supplemental and Amending Petitions.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.
NOTES
[1] Underlined for emphasis.
[2] Eastin v. Entergy Corp, 97-1094 (La.App. 5 Cir. 4/15/98), 710 So.2d 835. This Court found that a lack of commonality among former employees prevented class certification, and the class defined by the district court encompassed an overly broad group of people. Additionally, this Court held that decertification of the present class did not foreclose the possibility that some plaintiffs may be entitled to bring a smaller, more limited class action.
[3] Those eleven (11) plaintiffs as to whom the Exception of Prescription was granted were given an opportunity to amend to cure the grounds for the Exception. The eleven plaintiffs' claims were supplemented as ordered in the Ninth Supplemental and Amending Petition, after which Entergy reurged the Exception of Prescription, which the trial court then granted. Those eleven plaintiffs appealed the judgment dismissing their claims to this Court, which reversed. 02-1119 (La.App. 5 Cir. 3/11/03), 844 So.2d 144. The Supreme Court reversed this Court, finding the eleven plaintiffs' claims had prescribed. 03-1030 (La.2/6/04), 865 So.2d 49. That judgment is now final, and not at issue in this appeal.
[4] "WRIT DENIED. On the showing made, we see no discretion." Eastin v. Entergy Corp., 01-C-1224 (La.App. 5 Cir. 1/11/02).
[5] Eastin v. Entergy Corp., 02-0443 (La.4/19/02), 813 So.2d 415. The writ disposition stated:

Granted in part. The case is remanded to the trial court for reconsideration of Entergy's exceptions of improper venue and improper cumulation in light of plaintiffs' Ninth Supplemental and Amending Petition. In all other respects, the application is denied. Plaintiffs' motion to supplement the record is denied.
[6] In an alternative argument, Entergy argued that if the plaintiffs were able to invoke the amended, post 1997 class action articles, though Entergy denied that they applied to this suit, any plaintiff who filed his/her claim more than one year and thirty days after this Court's "decertification" opinion of April 15, 1998 was prescribed; or, in other words, Entergy argued that any claim filed after May 15, 1999 was prescribed as a matter of law.
[7] Eastin v. Entergy Corp., 06-1896 (La.10/27/06), 939 So.2d 1288.
[8] The language of the ruling is found in footnote 3 of this opinion.